UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA JO MEEK,
etc.,

      Plaintiff,

v.                              Case No. 3:08-cv-317-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

      Defendant.
_____

**OPINION AND ORDER**[1]

**I.  Status**

Donna Jo Meek is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits. Her alleged inability to work is based on a blood disorder, hepatitis C, asthma, emphysema, high blood pressure, carpal tunnel syndrome (CTS), and chronic bronchitis. Transcript of Administrative Proceedings (Tr.) at 59.  Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) John Marshall Meisburg, Jr., in the Decision entered on March 20, 2007.  *Id*. at 15, 24, 30-31.  Claimant has exhausted all available

---

      [1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #14).

administrative remedies and this case is properly before the Court. On appeal, she asserts the ALJ "failed to properly consider the effects of carpal tunnel syndrome[,]" Memorandum in Support of Complaint (Doc. #15; Memorandum) at 3 (capitalization and emphasis omitted), and "improperly denied [the] claim based on [her] failure to follow prescribed treatment[.]" *Id.* at 5 (capitalization and emphasis omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[2] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

#### A.  Carpal Tunnel Syndrome

Claimant argues the ALJ never addressed "[t]he limitation [of] her fine motor skills with regard to her ability to return to work[.]"  Memorandum at 4.  She asserts the judge, in ignoring this limitation, foreclosed any "meaningful way to determine the extent of the erosion of [her] occupational base[.]"  *Id*.

"Although [an] ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ."  *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).  Rather, the judge "must explain why significant probative evidence has been rejected."  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation

- 3 -

marks omitted); *see also Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007).

Claimant points to the record of Dr. Pauline M. Bellecci's examination for support. According to Ms. Meek, it was the doctor's opinion she "would be unable to perform fine motor manipulation on a frequent or constant basis, reaching and handling on a frequent basis as a result of bilateral carpal tunnel syndrome and would be limited in pushing and pulling in the upper extremities as well." Memorandum at 3-4. Claimant argues these limitations would "likely [cause] an erosion of [her] vocational base[,]" *id*. at 4, and the ALJ's failure to address them was error. *Id*. at 4-5.

In reaching his finding that Ms. Meek "had the residual functional capacity to [perform] sedentary [work,]" Tr. at 19, the ALJ purports to have considered Dr. Bellecci's evaluation and given "[g]reat weight [to her] opinion[.]" *Id*. at 22.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). Suggesting the doctor's opinions from September 29, 2006, Tr. 332-39, are inconsistent

with this definition, Plaintiff contends the ALJ's failure to more fully address them requires reversal.  *See* Memorandum at 4-5.

However, as Defendant correctly states, "[a] showing that an impairment became disabling after the expiration of the claimant's insured status is insufficient to establish eligibility for disability insurance benefits."  Memorandum in Support of the Commissioner's Decision (Doc. #16, Opposition) at 4 (citing *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (per curiam)).  A claimant seeking Disability Insurance Benefits has an obligation to show she suffered from a severe impairment "on or before the last day of her insured status[.]" *Spivey v. Apfel*, 133 F. Supp. 2d 1292, 1300 (M.D. Fla. 2001).  "If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability." *Burden v. Barnhart*, 223 F. Supp. 2d 1263, 1268 (M.D. Fla. 2002); *see also* SSR 74-8c ("evidence of impairment which . . . reached disabling severity after expiration of claimant's insured status cannot be basis for finding of disability"); 20 C.F.R. § 404.131.

Evidence post-dating an individual's insured status may be relevant and properly considered if it bears "upon the severity of the claimant's condition before the expiration of his or her insured status."  *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984); *see also Cooper v. Comm'r of Soc. Sec.*, 277 F. Supp.

2d 748, 754 (E.D. Mich. 2003) ("Medical evidence that postdates the insured status date may be, and ought to be, considered, but only insofar as it bears on the claimant's condition prior to the expiration of insured status."). For example, the ALJ should consider evidence from a physician discussing the severity of an ongoing impairment or offering an opinion as to a claimant's condition prior to the date last insured. *See Basinger*, 725 F.2d at 1169. To be used for this purpose, the evidence ought to be "'reasonably proximate'" to the date last insured. *Cooper*, 277 F. Supp. 2d at 754 (parenthetically quoting *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976)).

It is undisputed Ms. Meek's last day of insured status was December 31, 2004. *See* Memorandum at 1; Opposition at 1; Tr. at 17, 31. Thus, Plaintiff was required to submit medical evidence showing she suffered from a disabling condition on or before December 31, 2004. The documentation at issue, which is from beyond that date, is relevant only as it relates to her condition prior to expiration of her insured status. Here, the sole evidence Claimant provides to support her argument is the record of the examination performed by Dr. Bellecci on September 29, 2006, *see* Memorandum at 3-5; Tr. at 332-39, well past the date she last met the insured status requirements of the Social Security Act. Nowhere in the doctor's report does the Court find any

evidence her opinions related to the time period preceding December 31, 2004, nor does Plaintiff claim such a relationship. *See* Memorandum at 3-5. Therefore, it would not be proper to recognize a further limitation on the basis of the evidence at issue.[3]

### B.  Failure to Follow Prescribed Treatment

Plaintiff next complains the ALJ "improperly denied [her] claim based on the plaintiff's failure to follow prescribed treatment[.]" Memorandum at 5 (capitalization and emphasis omitted). She argues "there is no evidence [smoking] cessation . . . would restore [her] ability to return to work[,]" and cessation was never technically "prescribed[.]" *Id*. at 6 (internal quotations omitted).

Both Plaintiff and the judge have discussed the facts and law regarding Ms. Meek's refusal to stop smoking. *See id*. at 5-9; Tr. at 24-30. However, because the ALJ properly found Plaintiff not disabled, the Court considers these analyses irrelevant to the issues on appeal.

Where prescribed medical treatment would restore the ability to work, a claimant's "'refusal to follow [that] treatment without a good reason will preclude a finding of disability[.]'" *Ellison*

---

[3] In addition, it is noted Dr. Bellecci's opinions relating to Ms. Meek's functional limitations appear to be inconsistent. For instance, the doctor signals Ms. Meek's reaching and handing functions are unlimited, but then indicates limitations of how often she can perform them. Tr. at 338.

*v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam) (quoting *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)); *see* 20 C.F.R. §§ 404.1530, 416.930. An ALJ must make explicit findings in this regard if benefits are to be denied. *See Dawkins*, 848 F.2d at 1213.

In the present case, the ALJ found "the claimant to be not disabled" and therefore never "reach[ed] the ultimate legal non-compliance issue[.]" Tr. at 30 (emphasis omitted). Because the judge found Ms. Meek not disabled, there was no need to consider her decision whether to follow prescribed treatment. *See Brown v. Astrue*, No. 3:06-cv-1055-J-TEM, 2008 WL 795333, at *3 (M.D. Fla. Mar. 24, 2008) (recognizing "that noncompliance is only an issue when the individual meets Social Security's definition of disability"); Social Security Ruling 82-59 ("An individual who would otherwise be found to be under a disability, but who fails . . . to follow [prescribed treatment] which [could] be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability."); *cf*. Social Security Ruling 02-01p ("Before failure to follow prescribed treatment for obesity can become an issue in a case, we must first find that the individual is disabled . . . ."). Therefore, the issue of "whether or not the Court improperly denied this claim based on the plaintiff's failure to follow prescribed

treatment[,]" Memorandum at 5 (capitalization and emphasis omitted), is deemed moot.

Under the circumstances, it has not been shown the ALJ erred with regard to his denial of Plaintiff's claim for Disability Insurance Benefits. The Commissioner's decision will, therefore, be affirmed.

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2008.

```
                              /s/        Howard T. Snyder
                              HOWARD T. SNYDER
                              UNITED STATES MAGISTRATE JUDGE
```

Copies to:

Counsel of record
     and pro se parties, if any